IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAQUETTA NOBLE and <br> MARKEE LANE, <br> <br> Plaintiffs, <br> v. <br> <br> A&E CONVEYOR SYSTEMS, INC., <br> Corporation, <br> <br> Defendant. | * <br> * <br> * <br> * <br> * CASE NO.: 2:19-cv-00448-MHT <br> *           (WO) <br> * <br> * <br> * <br> * |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on October 13, 2021, wherein the following proceedings were held and actions taken:

**1.   PARTIES AND TRIAL COUNSEL:**

**For Plaintiffs:**

Kendall C. Dunson
J. Cole Portis
BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL  36103
334/269-2343 (ph)
Kendall.dunson@beasleyallen.com
Cole.portis@beasleyallen.com

**For Defendant A&E Conveyor Systems, Inc.:**

Thomas Coleman, Jr.
John M. Gray, III
SMITH, SPIRES PEDDY, HAMILTON
 & COLEMAN, P.C.
3500 Colonnade Parkway, Ste. 350
Birmingham, AL 35243
205/251-5885 (ph)
tom@ssp-law.com
jgray@ssp-law.com

**COUNSEL APPEARING AT PRETRIAL HEARING**:  Same as trial counsel.

2. **JURISDICTION AND VENUE**:

This court has jurisdiction pursuant to 28 USC §§1332(a) and 1441 (a) and (b).  Venue is proper pursuant to 28 USC §1391(b)(2).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. **PLEADINGS**:  The following pleadings and amendments were allowed:

(a)  Plaintiffs' Complaint [Doc. #1]

(b)  Plaintiffs' Amended Complaint [Doc. #39]

(c)  Defendant A&E Conveyor Systems, Inc.'s Answer to Complaint [Doc. #20]

4. **CONTENTIONS OF THE PARTIES:**

**(a)  Plaintiffs:**

On January 13, 2018, Plaintiff LaQuetta Noble was employed with Golden State Foods ("GSF") in Opelika, Alabama as a patty packer.  Her job responsibilities included moving patties from a conveyor/metal detector to boxes to be shipped to GSF's customers.  During the process, patties would fall from the conveyor to the floor and/or between the conveyor and the metal detector.  Whenever the flow of patties slowed, Ms. Noble would retrieve the patties and put them in a reject bind or another bind to be put back in the process.  On the day of her injury, Ms. Noble noticed a patty had fallen between a gap on the conveyor system.  When she reached to retrieve the patty, her hand was entrapped and crushed by the conveyor drive components.

As a result of her entrapment, Ms. Noble sustained a de-gloving and crushing injury to her left hand.  She underwent several surgical procedures and physical therapy.  Medical professionals recommended an amputation of one of her fingers, but Ms. Noble did not want to live as an

2

amputee. The surgical procedures she underwent failed to improve her functioning or pain. Ms. Noble's husband, Markee Lane, has asserted a claim for loss of consortium.

The conveyor system that caused Ms. Noble's injury was designed and manufactured by Defendant A&E Conveyor Systems, Inc. ("A&E"). A&E is in the business of designing/manufacturing conveyors. Plaintiffs contend:

1) A&E failed to follow industry standards/practices when designing/manufacturing the subject conveyor;

2) A&E put the subject conveyor into the stream of commerce with defects in violation of industry standards;

3) A&E admitted it did not conduct a hazard and/or risk analysis in violation of National Safety Council, ANSI, CEMA and ISO standards;

4) The design of the A&E conveyor violated industry standards, including, but not limited to 29 CFR 1910.212 and ASME B20.2015;

5) The subject A&E conveyor lacked any reasonable guarding to prevent access to in-running nip hazards of the conveyor drive components and the subject conveyor had large unguarded openings that allowed produced to fall into and allowed operators to be exposed to in-running nip/pinch point hazards; and

6) A&E failed to warn and instruct GSF, Ms. Noble and others how to recognize and avoid industry known hazards.

Following Ms. Noble's injury, A&E provided adequate guarding and warnings for its conveyor that were placed on its design before OSHA arrived to investigate the incident. The guards and warning labels were technologically and economically feasible and should have been in place on the day of Plaintiff's injury. A&E admitted in deposition testimony that Plaintiff would

3

not have been injured if the guards supplied days after her incident had been in place as mandated by industry standards and regulations.

Plaintiffs' claims arise from the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), Negligence, Wantonness and Loss of Consortium to recover compensatory damages for pain, suffering, mental anguish, lost enjoyment of life, future medical expenses, past lost income and lost earning capacity. Additionally, Plaintiffs seek punitive damages for A&E's wanton conduct.

**(b)     Defendant A&E Conveyor Systems, Inc.:**

Defendant A&E Conveyor Systems, Inc. denies that it is liable for Plaintiffs' injuries in this case. Specifically, Defendant denies that it manufactured and sold a defective and/or unreasonably dangerous conveyor system to Golden State Foods.
Plaintiff Laquetta Noble was trained by her employer, Golden State Foods, as to the potential hazards associated with the moving components of the conveyor on which she was injured. Even though she knew of the hazards, Noble chose to reach her hand into the moving conveyor and was injured as a result. She therefore assumed the risk of her injuries under Alabama law.

Irrespective of her training, Noble knew or reasonably should have known that it was dangerous to reach her hand into a moving conveyor. She is prohibited from recovery, both from a factual standpoint and as a matter of law, due to her own contributory negligence.

Moreover, both Noble and her employer, Golden State Foods, were sophisticated users/purchasers under Alabama law. As a result, Defendant did not have a duty to warn the Plaintiff as to the potential for injury associated with sticking her hand into a moving conveyor system.

Markee Lane's claims are for Loss of Consortium, which is a derivative claim from his wife's injury claim. He is only permitted to recover if damages are awarded to Laquetta Noble. Markee Lane's claims are due to be dismissed based on the fact that Defendant is not liable for Noble's injuries.

All of Laquetta Noble's medical bills were satisfied by her employer and/or her employer's insurance carrier pursuant to the Alabama Workers' Compensation Act. Noble will only have to repay her employer and/or her employer's insurance carrier for medical expenses if the jury awards her damages in this case. In the event the jury awards no damages, she will not have to repay any amount related to her medical bills.

5.   **STIPULATIONS BY AND BETWEEN THE PARTIES**:

1.   The incident in this litigation occurred on January 13, 2018.

2.   The subject conveyor was manufactured by A&E and sold to GSF pursuant to contract.

3.   All documents produced by A&E and GSF are business records maintained in the ordinary course of business.

4.   All medical records are authenticated.

5.   All medical bills and any payments by the workers' compensation carrier to satisfy her medical bills are authenticated.

***

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last 2-4 days, are set for December 6, 2021, at

10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed two weeks before jury selection;

**(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 28) entered by the court on July 23, 2020; and**

**(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.**

**DONE, this the 14th day of October, 2021.**

                                        /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**